Case 2:18-cv-00328   Document 10   Filed on 12/13/18 in TXSD   Page 1 of 16

United States District Court
Southern District of Texas
**ENTERED**
December 13, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRED HOFFMAN, III, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-328 |
| | § | |
| COREY FURR, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE

Plaintiff Fred Hoffman is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. For purposes of screening, Plaintiff has stated deliberate indifference claims against **ASSISTANT WARDEN COREY FURR** in his official capacity for injunctive relief. Accordingly, it is respectfully recommended that these claims against him be **RETAINED.** The undersigned will order service on this defendant.

The undersigned further recommends for the reasons set forth below that: (1) Plaintiff's request to proceed as a class action be **DENIED**; and (2) Plaintiff's remaining claims against all Defendants be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). Plaintiff's claims in this lawsuit occurred in connection with his current assignment to the McConnell Unit in Beeville, Texas.

On October 4, 2018, Plaintiff filed his original complaint, naming the following officials as defendants: (1) Corey Furr, Assistant Warden; (2) Felix Anazor, Correctional Officer; (3) Vichente Martinez, Correctional Officer; (4) Sergeant Doroteo Fonseca; and (5) Lorie Davis, TDCJ Director. Plaintiff alleges that Defendants acted with deliberate indifference to his serious seizure condition and by causing him sleep deprivation. Plaintiff further alleges that he has been subjected to retaliation.

Plaintiff seeks declaratory and injunctive relief as follows: (1) the banning of all strobe flashlights; (2) the beams from regular flashlights be directed at the cell floor and not the offender; (3) the cessation of all methods of sleep deprivation during count times; (4) the cessation of bringing disciplinary cases for failing to wake up and participate in count times; and (5) the cessation of TDCJ staff making medical judgment in the absence of contacting the medical department. Plaintiff also asks the Court to declare that Defendants violated Plaintiff's right not to be subject to retaliation in the form of transfer to another facility. Plaintiff also seeks to represent other similarly-situated inmates.

A *Spears*[1] hearing was conducted on October 30, 2018. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1): Plaintiff is 42 years old. In May 2011, he entered into TDCJ custody and was initially housed at the Byrd Unit. Prior to his transfer into TDCJ custody, Plaintiff was housed in an Oklahoma federal prison pursuant to a conviction out of the Western District of Oklahoma. Plaintiff arrived at the McConnell Unit sometime later in May 2011.

At eleven years old, Plaintiff received a serious blow to the head while snow skiing. Plaintiff was subsequently diagnosed with "Occipital Lobe seizures and also Temporal-Parietal-Occipital seizures." Plaintiff requires medication to keep his seizures under control. Plaintiff was diagnosed at age thirteen with Complex Partial Seizures after suffering from serious carbon monoxide poisoning, requiring him to be hospitalized for two weeks. Plaintiff requires medications to keep this disorder under control.

TDCJ recognizes that Plaintiff suffers from these seizure disorders, and Plaintiff receives two medications related to this condition. In 2016, Plaintiff suffered a major seizure due to exposure to sunlight and heat. During the time Plaintiff was hospitalized for this seizure, his legal materials and typewriter were damaged and/or destroyed. Because of this incident, Plaintiff refused to leave the prison and receive treatment with a neurologist. Since 2016, Plaintiff suffered one seizure which required hospitalization.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

Plaintiff estimates that he has about three seizures a month. Plaintiff acknowledges that McConnell Unit officials did not deny him medical attention for any of his seizures.

Plaintiff testified that the McConnell Unit has eight roster counts per day. During night-time hours, officers routinely wake up inmates for the required roster counts. Some officers will use high-powered flashlights with strobe capability and shine them into the faces of the inmates to wake them up and force them into engaging with the roster counts. According to Plaintiff, Officers Anazor and Martinez repeatedly shined their strobe-capable flashlights into his eyes as well as the eyes of other inmates known to have seizure disorders. These officers have ignored Plaintiff's request to discontinue this practice as it can induce a serious seizure with seizure-prone inmates.

The use of these flashlights induced a seizure in another inmate named Michael Garrett. Plaintiff testified that he also suffered seizures as a result of the use of strobe-capable flashlight deployed by Officer Anazor and an unidentified officer, including one where he was taken to the medical department in May 2018. This flashlight was last used on Plaintiff on October 26, 2018.

Plaintiff complained about the actions of Officers Anazor and Martinez to their supervisor, Sergeant Fonseca, but he did not remedy the situation. Plaintiff further had multiple conversations with Assistant Warden Furr where he promised to intercede but ultimately failed to provide Plaintiff with any assistance with regard to the officers' use of strobe-capable flashlights.

According to Plaintiff, Senior Practice Manager Tonya Lawson has advised unit staff on multiple occasions that strobe capable flashlights induce seizures and pose a

significant health risk to inmates. Assistant Warden Furr has allegedly refused to act on this warning as well as respond to Plaintiff's I-60 requests. Plaintiff maintains Director Davis issued an email to unit staff to discontinue the use of strobe flashlights but has failed to ensure the policy was actually enforced or otherwise enact a policy or procedure to prevent the use of strobe capable flashlights against seizure patients.

According to Plaintiff, the actions of Officers Anazor and Martinez made Plaintiff choose between the threat of a disciplinary case for not participating in roster counts and having interrupted sleep at night. These defendants effectively forced Plaintiff into sleep deprivation by using their strobe-capable flashlights during count times between 11:00 p.m. and 3:00 a.m.

Plaintiff alleges Officers Anazor and Martinez retaliated against Plaintiff by continuing to use the strobe flashlight directly into Plaintiff's eyes as well as committing other acts. Since Plaintiff has filed grievances on these issues, Officer Anazor has attempted "to goad Plaintiff into an antagonistic incident" in order to have Plaintiff disciplined and re-housed.

Plaintiff has attached several grievances to his complaint. In a Step 1 grievance dated October 13, 2017 (Grievance No. 2018029369), Plaintiff complained about the use of strobe flashlights during the late night/early morning hours which has resulted in sleep deprivation and the increase in risk of seizures. (D.E. 1, pp. 29-30). Assistant Warden Furr found that no further action was warranted after cryptically writing: "not an object officers shall use flashlights to assist in conducting an accurate count at night time." (D.E. 1, p. 30). In response to Plaintiff's Step 2 grievance, the reviewing officer

concluded that Plaintiff's complaint had been brought to the attention of unit administration. (D.E. 1, pp. 31-32).

In a Step 1 grievance dated December 22, 2017 (Grievance No. 2018064039), Plaintiff complained about the use of strobe flashlights by Officers Anazor and Martinez during the late night/early morning, which has resulted in sleep deprivation and the increase in risk of seizures. (D.E. 1, pp. 39-40). Warden Fernandez rejected this grievance, finding no staff misconduct. (D.E. 1, p. 40). In response to Plaintiff's Step 2 grievance, the reviewing officer determined that staff had followed proper policies and procedures. (D.E. 1, p. 41-42).

In a Step 1 grievance dated January 3, 2018 (Grievance No. 20180669471), Plaintiff complained that Officer Anazor is conducting a campaign of harassment against him in retaliation for the grievances brought against him. (D.E. 1, pp. 45-46). Assistant Warden Furr rejected this grievance, finding nothing to substantiate his allegations of harassment. (D.E. 1, p. 46). Plaintiff's Step 2 grievance was rejected because the grievable time had expired. (D.E. 1, p. 47-48).

### III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

IV.   DISCUSSION

  A.   **Deliberate Indifference to Health**

   *(1) Seizures and Sleep Deprivation*

Plaintiff alleges that Defendants acted with deliberate indifference to his health by: (1) using strobe-capable flashlights on him at night which can cause him to have serious seizures; and (2) depriving him of sleep through night-time rosters counts where officers often use the flashlights to awaken him. Plaintiff, therefore, asserts claims against Defendants pursuant to the Eighth Amendment, which prohibits cruel and unusual punishment. U.S. Const. amend. VIII.

"The Constitution does not mandate comfortable prisons . . . but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Woods v. Edwards,* 51 F.3d 577, 581 (5th Cir. 1995) (per curiam) (internal quotations

omitted)). Prison officials are required to provide humane conditions of confinement and ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992).

A constitutional violation under the Eighth Amendment occurs only when two requirements are met. "First, there is an objective requirement that the condition must be so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need." *Woods*, 51 F.3d at 581 (internal quotations and citation omitted). To prove a constitutional violation, an inmate need not show that a death or serious injury already has occurred, but rather that there is a "substantial risk of serious harm." *Ball v. LeBlanc*, 792 F.3d 584, 593 (5th Cir. 2015) (citing *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir. 2004)).

"Second, under a subjective standard, [the court] must determine whether the prison official responsible was deliberately indifferent to inmate health and safety." *Woods*, 51 F.3d at 581 (internal quotations and citation omitted). Deliberate indifference is more than mere negligence. *Farmer*, 511 U.S. at 835. To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Id.* at 837.

9 / 16

In this case, Plaintiff alleges that: (1) he suffers various seizure disorders which are recognized by the TDCJ and for which he is provided treatment; (2) Officers Anazor and Martinez repeatedly used strobe-capable flashlights as a means of awaking Plaintiff for night-time roster counts; (3) these officers refused Plaintiff's request to discontinue this practice despite knowing that it could induce seizures in susceptible inmates; (4) Plaintiff suffered seizures as a result of the deployment of strobe-capable flashlights; and (5) the use of these flashlights for night-time roster counts has deprived Plaintiff of sleep. Taken Plaintiff's allegations as true, he has stated claim of deliberate indifference to his health in that Officer Anazor's and Martinez's actions in repeatedly shining strobe-capable flashlights in his eyes during night-time roster counts exacerbated the risk of serious harm to him.  Furthermore, Plaintiff's allegations taken as true suggest that the use of these flashlights during multiple roster counts at night serve to deprive Plaintiff of sleep. *See Harper*, 174 F.3d at 720 (recognizing that, because "sleep undoubtedly counts as one of life's basic needs," any "[c]onditions designed to prevent sleep . . . might violate the Eighth Amendment"); *Walker v. Schult*, 717 F.3d 119, 126-28 (2d Cir. 2013) (concluding that sleep deprivation may deny prisoner of a minimal civilized measure of life's necessities).

Accordingly, Plaintiff's allegations are sufficient at this stage to state deliberate indifference claims with respect to his susceptibility to seizures and sleep deprivation. The undersigned now turns toward determining the proper defendant in this case as Plaintiff seeks injunctive relief and no money damages.

### (2) *Proper Defendants*

Plaintiff seeks injunctive relief with respect to the use of strobe-capable flashlights in order to wake Plaintiff for night-time roster counts. In addition to naming Officers Anazor and Martinez, Plaintiff sues Sergeant Fonseca and Assistant Warden Furr from the McConnell Unit. Plaintiff also seeks to sue TDCJ Director Davis, citing her failure to ensure that her email directing McConnell Unit officials to discontinue use of the strobe-capable flashlights was enforced.

Given the size of the TDCJ, it is more likely that each individual unit has day-to-day control over its operating policies. Plaintiff's allegations indicate that Director Davis already has directed McConnell Unit officials on the use of strobe-capable flashlights but that her directive is being ignored at the prison level. Therefore, for purposes of obtaining injunctive relief, Assistant Warden Furr is the individual most likely able to fashion the relief Plaintiff is seeking regarding the use of flashlights should he prevail on his claims. Because Assistant Warden Furr appears to be best person to implement the injunctive relief requested, the undersigned respectfully recommends that he remain in this case and that the other individual defendants be dismissed as to this claim.[2]

### B. Retaliation

Plaintiff claims that Officers Anazor and Martinez have engaged in acts of retaliation. Retaliation is not expressly referred to in the Constitution; however, it is nonetheless actionable because retaliatory actions may tend to chill an individual's

---

[2] Should facts come to light as this case proceeds that another prison official at the McConnell Unit is the best person to implement Plaintiff's requested injunctive relief, the undersigned will substitute that person in place of Assistant Warden Furr.

exercise of constitutional rights. *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972). Retaliation is actionable "only if the retaliatory act 'is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.'" *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (quoting *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006)).

The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris*, 449 F.3d at 686. Thus, "[a] prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). "Filing grievances and otherwise complaining about the conduct of correctional officers through proper channels are constitutionally protected activities, and prison officials may not retaliate against inmates for engaging in such protected inmates." *Reese v. Skinner*, 322 F. App'x 381, 383 (5th Cir. 2009) (citing *Morris*, 449 F.3d at 684).

The Fifth Circuit has emphasized that "prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." *Adeleke v. Fleckenstein*, 385 F. App'x 386, 387 (5th Cir. 2010) (citing *Woods*, 60 F.3d at 1166). In addition, the Fifth Circuit has concluded that some acts, even though they may be motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. *Morris*, 449 F.3d at 686. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id.*

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones*, 188 F.3d at 324-25 (citing *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "Mere conclusory allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim." *Jones*, 188 F.3d at 325. The inmate must produce direct evidence of motivation or a chronology of events from which retaliation may be inferred. *Id.* In other words, a successful claim of retaliation requires a showing that, but for some retaliatory motive, the complained of adverse incident would not have occurred. *Woods*, 60 F.3d at 1166.

Plaintiff alleges that Officers Anazor and Martinez retaliated against Plaintiff after he reported the use of the strobe-capable flashlight by continuing to use flashlight against Plaintiff as well as committing other acts. He further alleges that, since Plaintiff filed grievances on these issues, Officer Anazor has attempted "to goad Plaintiff into an antagonistic incident" in order to have Plaintiff disciplined and re-housed.

Plaintiff's allegations of retaliation in this instance are purely conclusory. They merely reflect his personal belief he was the victim of retaliation by Officers Anazor and Martinez, and he offers no specific facts to support his threadbare allegations of retaliation. Furthermore, Plaintiff has failed to allege fails indicating that either Officer Anazor or Martinez have subjected Plaintiff to anything more that *de minimis* adverse

acts. While complaining that Officer Anazor attempted to push Plaintiff into committing acts that would result either in discipline or more restrictive housing, Plaintiff alleges no facts to suggest that Officer Anazor in fact caused such a disciplinary action or housing change to occur. Plaintiff's claims of retaliatory adverse acts fail to rise to the level of a constitutional violation. *See Morris*, 449 F.3d at 685. *See also Jenkins v. Livingston*, No. 6:09CV413, 2009 WL 4727722, at *3 (S.D. Tex. Dec. 2, 2009) (recognizing that "verbal threats and name calling are not sufficient to state a claim of retaliation").

Accordingly, it is respectfully recommended that Plaintiff's retaliation claims against Officers Anazor and Martinez be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### C. Class Action

Plaintiff also seeks to represent other inmates who are similarly situated to him and have been subjected to having strobe-capable flashlights shined on them. Requests for class certification by a prisoner acting *pro se* are generally denied because the prisoner cannot "fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4) (one of the four prerequisites for class certification is a finding that the representative party can "fairly and adequately protect the interests of the class"); *Ali v. Immigration and Customs Enforcement*, No. 1:16-CV-037, 2017 WL 881102, at (N.D. Tex. Feb. 2, 2017) (denying motion to certify class filed by an immigration detainee proceeding *pro se* because he failed to show "he could fairly and adequately protect the interests of a purported class of other [immigration] detainees"). Because Plaintiff fails to show that he can properly serve as a representative party in a class action, the

undersigned respectfully recommends that Plaintiff's request to proceed as a class action be denied.

## V. RECOMMENDATION

For purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, state deliberate indifference claims in connection with sleep deprivation and his seizure disorder against **ASSISTANT WARDEN COREY FURR** in his official capacity for injunctive relief. Accordingly, it is respectfully recommended that these claims be **RETAINED.** The undersigned will order service as to **ASSISTANT WARDEN FURR** by separate order. It is respectfully recommended further that: (1) Plaintiff's request to proceed as a class action be **DENIED**; and (2) Plaintiff's remaining claims against all Defendants be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted this 13th day of December 2018.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).