**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **FRED HOFFMAN, III,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:18-CV-328** |
| | § | |
| **COREY FURR, ET AL.,** | § | |
| **Defendants.** | § | |

---

**DEFENDANT RICHARDSON'S RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR LEAVE OF EXTENSION TO RESPOND TO DEFENDANT FURR'S**
**DISPOSITIVE MOTION FOR SUMMARY JUDGMENT (ECF NO. 62)**

---

Defendant Warden Jeffery Richardson ("Richardson") files this response in opposition to *Plaintiff's Motion for Leave of Extension to Respond to Defendant Furr's Dispositive Motion for Summary Judgment*. ECF No. 62. In support thereof, Defendant Richardson respectfully shows the following:

## I.    INTRODUCTION

Plaintiff Fred Hoffman, III ("Hoffman") is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"), currently confined to the McConnell Unit in Beeville, Texas. ECF No. 40 at 4. Hoffman, proceeding *pro se* and *in forma pauperis*, filed this suit pursuant to 42 U.S.C. §1983 alleging violations of retaliation, the Eight Amendment, Fourteenth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act against Defendants Corey Furr[1], Felix Anazor, V. Martinez, Doroteo Fonseca, and Lori Davis. ECF No. 1 at 1, 5, 7; ECF No. 10. Specifically, Hoffman claims that Defendants acted with deliberate indifference to his serious seizure condition and caused him sleep deprivation by using strobe-capable flashlights to perform night counts at the prison unit. ECF No. 1 at 7, 9, 11. Hoffman further claims he has been subjected to retaliation. *Id.* at 7, 13. Hoffman

---

[1] On October 3, 2019, Defendant Warden Jeffry Richardson was substituted for Corey Furr regarding Plaintiff Hoffman's claims for injunctive relief in this instant case. *See* ECF No. 55.

seeks declaratory and injunctive relief in the form of: (1) the banning of all strobe flashlights; (2) the beams from regular flashlights be directed at the cell floor and not the offender; (3) the cessation of all methods of sleep deprivation during count times; (4) the cessation of bringing disciplinary cases for failing to wake up and participate in count times; and (5) the cessation of TDCJ staff making medical judgment in the absence of contacting the medical department. *Id.* at 15, 17, 19, 21; ECF No. 10 at 2. Hoffman also seeks court costs, attorneys' fees, and any accrued interest allowed by law. ECF No. 1 at 21. Additionally, Hoffman requested that his suit proceed as a class action. *Id.* at 1.

On December 13, 2018, the Court issued a *Memorandum and Recommendation to Dismiss Certain Claims and to Retain Case* recommending the retention of Hoffman's deliberate indifference claim against Furr in his official capacity for injunctive relief, while denying all Hoffman's remaining claims against all other Defendants for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). ECF No. 10 at 1.

On February 5, 2019, the Court issued a scheduling order stating that dispositive motions shall be filed on or before July 8, 2019. ECF No. 18. This scheduling order also states that responses to dispositive motions are due thirty (30) days after the filing of the opposing party's dispositive motion. *Id.* On June 27, 2019, the Court granted *Defendant Furr's Motion for Extension of Time to File Dispositive Motion* [ECF No. 34] to file his motion for summary judgment on or before August 7, 2019. ECF No. 35. On August 7, 2019, Furr filed *Defendant Furr's Motion for Summary Judgment*. ECF No. 48. Hoffman failed to file a response to Furr's motion for summary judgment within thirty (30) days of Furr's filing his dispositive motion. *See* ECF No. 18.

During the Court's telephone hearing on October 3, 2019, the Court granted Hoffman an extension to file a response to Furr's motion for summary judgment, and Hoffman was ordered to file this response on or before November 7, 2019. *See* ECF No. 55. Thus, the Court generously gave

Hoffman over three months (95 days) altogether to file a response to *Defendant Furr's Motion for Summary Judgment* [ECF No. 48].

On November 1, 2019, Hoffman filed *Plaintiff's Motion for Leave of Extension to Respond to Defendant Furr's Dispositive Motion for Summary Judgment* in which he requests an additional extension of twenty-eight (28) days to file a response to *Defendant Furr's Motion for Summary Judgement* [ECF No. 48]. ECF No. 62.

## II.     STANDARD OF REVIEW

If a request for an extension is made before the original time or its extension expires, the district court may extend the time for a court filing so long as good cause exists for the extension. FED. R. CIV. P. 6(b)(1)(A). Here, Plaintiff Hoffman moves for another extension to file a response to *Defendant Furr's Motion for Summary Judgement* [ECF No. 48] on November 1, 2019, six (6) days before his last Court-granted extension expires on November 7, 2019. *See* ECF Nos. 55 and 62. Under the Federal Rules of Civil Procedure, "the district court is granted broad discretion to expand filing deadlines." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995) (referencing FED. R. CIV. P. 6(b)).

## III.     DEFENDANT RICHARDSON'S ARGUMENT IN OPPOSITION TO PLAINTIFF HOFFMAN'S MOTION FOR LEAVE OF EXTENSION (ECF No. 62)

Liberally construing his *Plaintiff's Motion for Leave of Extension to Respond to Defendant Furr's Dispositive Motion for Summary Judgment,* Hoffman states he needs twenty-eight (28) more days to file a response to *Defendant Furr's Motion for Summary Judgment* [ECF No. 48] because he is (1) still waiting on docket entries required "to perfect his response to the motion for summary judgment," (2) a pro se litigant, and (3) still marshalling facts for his objection. ECF No. 62 at 5–6.

However, during the telephone hearing with the Court on October 3, 2019, Hoffman stated he had a copy of the above-referenced motion for summary judgment [ECF No. 48]. *See also* ECF No.

61 at 6 (in which Hoffman does not state he is missing docket entry 48) and ECF No. 62 at 5 (in which Hoffman does not state he is missing docket entry 48). The Court subsequently granted Hoffman a thirty-five (35) day extension to respond to the above referenced motion for summary judgement Hoffman had in his possession. ECF No. 55. Furthermore, during this telephone hearing, the undersigned counsel respectfully requested that Hoffman file his response to *Defendant Furr's Motion for Summary Judgment* [ECF No. 48] only under the cause number of this instant case when he submits it to the Court on or before his new Court-ordered deadline.

While Hoffman filed his request for another extension to respond to *Defendant Furr's Motion for Summary Judgment* [ECF No. 48] six (6) days before his current extension deadline expires on November 7, 2019, Richardson argues that good cause does not exist to grant Hoffman an additional extension. FED. R. CIV. P. 6(b)(1)(A). Firstly, Hoffman himself admitted to having the complete dispositive motion [ECF No. 48] in his possession during the telephone hearing on October 3, 2019; therefore, he has the docket entry he needs to review to complete a response to it. Secondly, the Court granted Hoffman a thirty-five (35) day extension to file a response even after Hoffman failed to file a response when it was due on September 6, 2019, approximately two (2) months prior. *See* ECF Nos. 18 and 55. Thirdly, Hoffman states in his *Plaintiff's Notice and Intent to this Court in Regards to Any Dispositive Motion and/or Order Filed by This Honorable Court or the Defendants* that should the Defendant "file ANY type of dispositive filing of any kind, this Plaintiff INTENDS and WILL respond to all of them in a timely fashion." ECF No. 20 at 4. However, Hoffman has a history of requesting extensions, including a motion to stay to have an extension of time to file [ECF No. 28 at 2, 4] and a motion to abate to respond to Defendant's filings [ECF No. 51 at 13–14], from the Court in this instant case. *See* ECF Nos. 12; 23 at 4, 6; 28; 29; 30 at 1, 11; 40 at 1, 3–4; 51 at 13–14; and 62. Fourthly, Hoffman has not met his burden in proving he is missing documents required "to perfect his response" to the above-referenced motion for summary judgment. ECF No. 62 at 5. Hoffman is abusing his current

4

pro se case status to circumvent the Court's scheduling orders and taking advantage of the Court's tolerance. As Furr, now substituted by Warden Richardson as Defendant, has previously contended, all of Hoffman's stated justifications for an extension can be attributed to Hoffman simply having too many pleadings to write in his numerous State and Federal pro se lawsuits, as well as the lawsuits in which he claims he is acting as jailhouse counsel/writ writer for other offenders. ECF No. 31 at 11; *see also* ECF No. 60 at 15–16.

Lastly, Hoffman has had more than adequate time to respond to Furr's, currently Richardson's, pleadings in this instant case. As mentioned above, Hoffman has been granted over three months (95 days) altogether to file a response to *Defendant Furr's Motion for Summary Judgment* [ECF No. 48]. Accordingly, this Court should not extend Hoffman's response deadline yet again by granting him an additional extension to respond to *Defendant Furr's Motion for Summary Judgment* [ECF No. 48].

## IV.    CONCLUSION

For the above reasons, Defendant Richardson respectfully asks the Court to deny Plaintiff Hoffman's extension of time to file his response to *Defendant Furr's Motion for Summary Judgement*.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Melissa A. Russo
**MELISSA A. RUSSO**
Assistant Attorney General
Attorney-in Charge
Texas State Bar No. 24099941
Federal Southern ID No. 3356220
melissa.russo@oag.texas.gov

Law Enforcement Defense Division
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1577 / Fax (512) 370-9925

**ATTORNEYS FOR DEFENDANT
JEFFEERY RICHARDSON**

## NOTICE OF ELECTRONIC FILING

I, **MELISSA A. RUSSO**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true copy of the above in accordance with the Electronic Case Files System of the Southern District of Texas on November 4, 2019.

/s/ Melissa A. Russo
**MELISSA A. RUSSO**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **MELISSA A. RUSSO**, Assistant Attorney General of Texas, certify that a true copy of the above has been served by placing it in United States Mail, postage prepaid, on November 4, 2019, addressed to:

**Fred Hoffman, III, TDCJ #01662898**         **CM/RRR 7018 0680 0001 3687 9257**
McConnell Unit
3001 S. Emily Drive
Beeville, TX. 78102
**Plaintiff *Pro Se***

/s/ Melissa A. Russo
**MELISSA A. RUSSO**
Assistant Attorney General