United States District Court
Southern District of Texas
**ENTERED**
December 20, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRED HOFFMAN, III, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:18-CV-00328 |
| | § | |
| JEFFERY RICHARDSON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

The Court is in receipt of Magistrate Judge Jason B. Libby's Memorandum and Recommendation ("M&R") to Dismiss Certain Claims and to Retain Case, Dkt. No. 10. The Court is also in receipt of Plaintiff Fred Hoffman III's ("Hoffman") Objections and Memorandum in Response, Dkt. No. 16.

Hoffman is imprisoned in the state of Texas and is proceeding pro se and in forma pauperis. Dkt. Nos. 1, 2, 8. He filed this prisoner civil rights action under 42 U.S.C. § 1983. *Id.* In his complaint Hoffman named Assistant Warden Corey Furr ("Furr"), Correctional Officer Felix Anazor, Correctional Officer Vichente Martinez, Sergeant Doroteo Fonseca and Texas Department of Criminal Justice (TDCJ) Director Lorie Davis. Dkt. No. 1. Hoffman claims the Defendants acted with deliberate indifference to his serious seizure condition with strobe flashlights and by causing him sleep deprivation, he additionally alleges he was subject to retaliation. Dkt. No. 1. Hoffman seeks declaratory and injunctive relief regarding the use of strobe flashlights by TDCJ staff. *Id.* Hoffman also seeks to represent other similarly situated inmates. *Id.*

The Magistrate Judge issued his M&R on December 13, 2018 as a frivolousness screening pursuant to the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(e)(2)(B). After extensive review of the complaint and statement of the relevant legal standards, the Magistrate Judge recommends retaining deliberate indifference claims against Furr in his official capacity for injunctive relief. Dkt. No.

10 at 1. The Magistrate Judge further recommends that Plaintiff's request to proceed as a class action be denied and that Plaintiff's remaining claims against all Defendants be dismissed. Dkt. No. 10 at 1.

Hoffman objects to the recommendation primarily on three grounds: 1) other Defendants are necessary to the litigation and should not be dismissed; 2) it is improper to dismiss his retaliation claim; 3) Plaintiff's request to proceed as class action is valid because other inmates plan on joining the litigation.

## I. Appropriate Defendants

Regarding appropriate defendants the Magistrate Judge writes:

> Given the size of the TDCJ, it is more likely that each individual unit has day-to-day control over its operating policies. Plaintiff's allegations indicate that Director Davis already has directed McConnell Unit officials on the use of strobe-capable flashlights but that her directive is being ignored at the prison level. Therefore, for purposes of obtaining injunctive relief, Assistant Warden Furr is the individual most likely able to fashion the relief Plaintiff is seeking regarding the use of flashlights should he prevail on his claims. Because Assistant Warden Furr appears to be best person to implement the injunctive relief requested, the undersigned respectfully recommends that he remain in this case and that the other individual defendants be dismissed as to this claim.

Dkt. No. 10 at 11.

The Magistrate Judge also notes:
> "Should facts come to light as this case proceeds that another prison official at the McConnell Unit is the best person to implement Plaintiff's requested injunctive relief, the undersigned will substitute that person in place of Assistant Warden Furr."

Dkt. No. 10 at 11 n 2.

Hoffman's objections to dismissing other parties who allegedly cause him harm are understandable but not necessary. *See* Dkt. No. 16. A party's officers, agents, servants and employees are bound by the terms of an injunctive order. *See FDIC v. Faulkner*, 991 F.2d 262, 267 (5th Cir. 1993); *Polo Fashions, Inc. v. Stock Buyers Int'l, Inc.*, 760 F.2d 698, 700 (6th Cir. 1985). The equitable powers of trial courts are broad and flexible and can be shaped to the necessities of a particular case. *Lemon v. Kurtzman*, 411 U.S. 192, 200 (1973). As the Magistrate Judge has

already indicated, if an injunction is found to be warranted, the best person to effect that injunction can be substituted in place of Furr. *See* Dkt. No. 10 at 11 n 2.

The Court overrules Hoffman's objections regarding the defendants and **ADOPTS** the M&R's recommendation to retain the deliberate indifference claims.

## II. Retaliation

Regarding retaliation, the M&R cites the four elements of a retaliation claim: "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Dkt. No. 10 at 13 (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). The Magistrate Judge concludes:

> "Plaintiff's allegations of retaliation in this instance are purely conclusory. They merely reflect his personal belief he was the victim of retaliation by Officers Anazor and Martinez, and he offers no specific facts to support his threadbare allegations of retaliation. Furthermore, Plaintiff has failed to allege fails indicating that either Officer Anazor or Martinez have subjected Plaintiff to anything more that de minimis adverse acts. While complaining that Officer Anazor attempted to push Plaintiff into committing acts that would result either in discipline or more restrictive housing, Plaintiff alleges no facts to suggest that Officer Anazor in fact caused such a disciplinary action or housing change to occur. Plaintiff's claims of retaliatory adverse acts fail to rise to the level of a constitutional violation.

Dkt. No. 10 at 13-14.

Hoffman objects to the recommended dismissal of the retaliation claims and offers a lengthy "chronology of events" to support the retaliation claim. Dkt. No. 16 at 16. He writes:

> "FURR knowingly and consistently allowed a DEFACTO policy of inaction to continue in this matter, all in a separate act of retaliation as well, by failing to respond or investigate the many grievances and complaints made to him personally in an attempt by inmates to redress these issues in an informal type of resolution, he knowingly and intentionally with his own personal knowledge of the gross and also negligent deficiencies in unit staff's failing to intervene on Plaintiff's requests for assistance."

*Id.* at 8.

Hoffman's complaint combines retaliation claims with the indifference allegations so that the indifference effectively jumpstarts a separate retaliation claim. *Id.* Such allegations are purely conclusory and accordingly the Court

overrules Hoffman's objection and **ADOPTS** the M&Rs recommendation to dismiss the retaliation claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Class action

Regarding Hoffman's request to proceed as a class action, the M&R states:

"Requests for class certification by a prisoner acting pro se are generally denied because the prisoner cannot 'fairly and adequately protect the interests of the class.' See Fed. R. Civ. P. 23(a)(4) (one of the four prerequisites for class certification is a finding that the representative party can 'fairly and adequately protect the interests of the class'); Ali v. Immigration and Customs Enforcement, No. 1:16-CV-037, 2017 WL 881102, at [sic] (N.D. Tex. Feb. 2, 2017) (denying motion to certify class filed by an immigration detainee proceeding pro se because he failed to show 'he could fairly and adequately protect the interests of a purported class of other [immigration] detainees'). Because Plaintiff fails to show that he can properly serve as a representative party in a class action, the undersigned respectfully recommends that Plaintiff's request to proceed as a class action be denied."
Dkt. No. 10 at 14-15.

Hoffman objects to the recommended dismissal of his class claims and argues he has shown the existence of similarly situated plaintiffs who would join this suit. Dkt. No. 16 at 19. "The Plaintiff is NOT seeking to represent other inmates who are similiarly [sic] situated to him, but merely filed suit stating he was filing on behalf of others similiarily [sic] likewise situated to that of the Plaintiff, because other inmates on the McConnell Unit plan on joining this lawsuit." Dkt. No. 16 at 19.

Pro se plaintiffs generally may not serve as class counsel because they are ill-suited to protect the interests of a class. *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 162 (5th Cir. 1995).[1] Hoffman as yet has not argued for the permissive joinder of parties under Federal Rule of Civil Procedure 20. Fed. R. Civ. P. 20; *see* Dkt. No. 16; *see e.g.*, *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002).

---

[1] "Pro se plaintiffs may not serve as counsel for a class. This is so because class counsel's ability to adequately protect the interests of the class depends in large part on counsel's competence, and a pro se plaintiff almost always lacks the requisite experience and knowledge of the law to be entrusted with the class's claims in addition to his own. One court has stated that this is not a per se rule, and that the courts' universal rejection of pro se class actions results from the application of the standards for adequate representation to each case rather than an absolute prohibition. Nonetheless, courts uniformly reject motions for class certification filed by a pro se litigant." Adequacy of class counsel under Rule 23(a)(4)—Class representatives proceeding pro se, 1 Newberg on Class Actions § 3:79 (5th ed.).

Accordingly, the Court overrules Hoffman's objections and **ADOPTS** the M&R's recommendation to dismiss the class claims.

**IV. Conclusion**

After independently reviewing the filings, the record, applicable law, and for the foregoing reasons the Court hereby **ADOPTS** the Memorandum and Recommendation, Dkt. No. 10, and **OVERRULES** Plaintiff's objections, Dkt. No. 16.

SIGNED this 20th day of December, 2019.

_____
Hilda Tagle
Senior United States District Judge